UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES of the LOCAL 813 INSURANCE TRUST  :
FUND; TRUSTEES of the LOCAL 813 SAVINGS    :
AND THRIFT TRUST FUND; TRUSTEES of the     :
NURSES AND LOCAL 813 IBT RETIREMENT        :     No.: _____
PLAN,                                      :
                                           :
                               Plaintiffs, :
                                           :
            - against -                    :
                                           :
ALL COUNTY FUNERAL SERVICE, INC.,          :
                                           :
                               Defendant.
------------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the Local 813 Insurance Trust Fund (the "Insurance Fund"), the Local 813 Savings and Thrift Trust Fund (the "Savings Fund"), and the Nurses and Local 813 IBT Retirement Plan (the "Nurses Fund," and together with the Insurance and Pension Funds, the "Funds"), by and through their undersigned counsel, bring this action against All County Funeral Service Inc. (the "Company"), and allege as follows:

**I.  INTRODUCTION**

1. This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover contributions owed by the Company for those of its employees who performed covered work under the terms of its collective bargaining agreement.

2. Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Funds, seek to recover from the Company those contributions that were due and owing to the Funds, as well as accrued interest, liquidated damages, and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Company because it resides and does business in the State of New York.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Funds who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5. Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Funds are administered in this District and because the Company does business in this District.

## III. PARTIES

6. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to collective bargaining agreements in accordance with the Taft-Hartley Act § 302(c)(5)-(6), 29 U.S.C. § 186(c)(5)-(6); employee benefit plans within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1); and multi-employer plans within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C. §§ 1002(37) and 1145. The Funds are administered from 45-18 Court Square, Suite 600, Long Island City, New York 11101-4347.

7. Plaintiffs, the Trustees, bring this action in their capacities as fiduciaries of the Funds pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8. The Company is a for-profit domestic business corporation organized under the laws of the State of New York having a principal place of business at 21 West Stevens Avenue, Hawthorne, New York 10532, and is an employer within the meaning of ERISA §§ 3(5) and

515, 29 U.S.C. §§ 1002(5) and 1145, and an employer in an industry affecting commerce within the meaning of the Taft-Hartley Act § 301, 29 U.S.C. § 185.

## IV. BACKGROUND

9. The Company is party to a collective bargaining agreement (the "CBA") with Local Union No. 813, International Brotherhood of Teamsters (the "Union"), with respect to which the Funds are third-party beneficiaries.

10. Pursuant to the CBA, the Company was required to remit contributions to the Funds for all employees performing covered work under the terms of the CBA on or before the 15th of the month.

11. Pursuant to the CBA, the Company would be considered in "default" if it failed to remit its contributions by the 20th of the respective month.

## COUNT I

### Violation of ERISA § 515, 29 U.S.C. § 1145
### (On behalf of the Funds)

12. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

13. ERISA § 515, 29 U.S.C. § 1145 requires employers to pay contributions to the Funds in accordance with the terms and conditions of the applicable collective bargaining agreement.

14. The Company breached its obligations under the CBA and ERISA § 515, 29 U.S.C. § 1145 because it was, and continues to be, habitually late in making contribution payments to the Funds.

15. As set forth in the table below, between September 2016 and the present, the Company has paid its contributions to the Funds well after the date payment was due.

| Contribution Period | Date Due | Date Received | Delinquency Notice |
|---|---|---|---|
| December 2015 | January 15, 2016 | March 31, 2016 | January 29, 2018 |
| March 2016 | April 15, 2016 | June 13, 2016 | January 29, 2018 |
| April 2016 | May 15, 2016 | June 13, 2016 | January 29, 2018 |
| May 2016 | June 15, 2016 | August 30, 2016 | January 29, 2018 |
| June 2016 | July 15, 2016 | August 30, 2016 | January 29, 2018 |
| July 2016 | August 15, 2016 | August 30, 2016 | January 29, 2018 |
| July 2016 | August 15, 2016 | November 22, 2016 | January 29, 2018 |
| August 2016 | September 15, 2016 | November 12, 2016 | January 29, 2018 |
| September 2016 | October 15, 2016 | November 12, 2016 | January 29, 2018 |
| October 2016 | November 15, 2016 | January 30, 2017 | January 29, 2018 |
| November 2016 | December 15, 2016 | January 30, 2017 | January 29, 2018 |
| December 2016 | January 15, 2017 | January 30, 2017 | January 29, 2018 |

16. The Company also breached its obligations under the CBA and ERISA § 515, 29 U.S.C. § 1145 because it has failed to pay contributions found to be due and owing pursuant to two separate audits of the Company.

17. Specifically, after conducting an in-person audit of the Company's books and records for the January 1, 2014 to December 31, 2015 period, on January 25, 2017, the Funds' Auditor found that the Company had failed to remit $14,540.61 in contributions for one of its employees.

18. After conducting an in-person audit of the Company's books and records for the January 1, 2016 to March 31, 2017 period, on November 15, 2017, the Funds' Auditor found that the Company had failed to remit $7,929.54 in contributions for one of its employees.

19. Plaintiffs, the Trustees of the Funds, demand judgment against the Company for $23,824.97 for contributions due and owing under the CBA, as well as an additional amount to be determined of statutorily prescribed interest, liquidated damages, attorneys' fees, and costs, and all other relief that the Court may deem just and appropriate.

## COUNT II

### Violation of ERISA § 515, 29 U.S.C. § 1145
### (On behalf of the Nurses Fund)

20. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

21. The Company breached its obligations under the CBA and ERISA § 515, 29 U.S.C. § 1145 because it failed to pay $348.27 to the Nurses Fund for contributions due and owing for covered work performed by the Company's employees from October to December 2016.

22. On or about January 27, 2017—long after the payment was due—the Company sent the Nurses Fund a check in the amount of $348.27, but that check bounced, causing the Nurses Fund to incur a bank charge of $35.

23. Plaintiffs, the Trustees of the Funds, demand judgment against the Company for $383.27 for contributions due and owing under the CBA, as well as statutorily prescribed interest, liquidated damages, attorneys' fees, and costs, and all other relief that the Court may deem just and appropriate.

| | |
|---|---|
| Dated: February 2, 2018<br>Newark, New Jersey | **PROSKAUER ROSE LLP**<br><br>By: */s/ Neil V. Shah*<br>Neil V. Shah<br>One Newark Center<br>Newark, New Jersey 07102<br>(973) 274-3205<br>nshah@proskauer.com<br><br>Anthony S. Cacace<br>Eleven Times Square<br>New York, NY 10036<br>(212) 969-3307<br>acacace@proskauer.com<br><br>*Counsel for the Plaintiffs* |