# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

—————————————

№ 18-CV-737 (ENV) (RER)

—————————————

TRUSTEES OF THE LOCAL 813 INSURANCE TRUST FUND, TRUSTEES OF THE LOCAL 813 SAVINGS AND THRIFT TRUST FUND, AND TRUSTEES OF THE NURSES AND LOCAL 813 IBT RETIREMENT PLAN,

Plaintiffs,

VERSUS

ALL COUNTY FUNERAL SERVICE, INC.,

Defendant.

—————————————

**REPORT & RECOMMENDATION**

**August 7, 2019**

—————————————

**TO THE HONORABLE ERIC N. VITALIANO**
**SENIOR UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

Trustees of the Local 813 Insurance Fund, Trustees of the Local 813 Savings and Thrift Trust Fund, and Trustees of the Nurses and Local 813 IBT Retirement Plan (collectively, the "Plaintiffs" or "Trustees") commenced this action against All County Funeral Service, Inc. (the "Defendant" or "Company") on February 2, 2018. (Dkt. No. 1 ("Compl.")). Plaintiffs brought this action pursuant to Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended. 29 U.S.C. § 1145. Plaintiffs allege that the Defendant violated ERISA by failing to pay contributions to the Plaintiffs pursuant to the terms of the governing collective bargaining agreement (the "CBA"). Before the Court is Plaintiffs' motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Dkt. No. 11 ("Pl. Mem.")). For the reasons stated below, I respectfully recommend that Plaintiffs' motion for default judgment be granted. However, Plaintiffs' request for damages should be denied, without prejudice to renew, for failure to submit sufficient evidence to support an award of delinquent contributions, interest, or liquidated damages.

1

## BACKGROUND[1]

Defendant entered the CBA with Local Union No. 813 International Brotherhood of Teamsters in 2014. (Pl. Mem. Exh. 9 at 3; Compl. ¶ 9). Pursuant to the CBA, Defendant was required to remit contributions to the Local 813 Insurance Fund (the "Insurance Fund"), the Local 813 Savings and Thrift Trust Fund (the "Savings Fund"), and the Nurses and Local 813 IBT Retirement Plan (the "Nurses Fund") (collectively, the "Funds"), on or before the tenth day of each month.[2] (Pl. Mem., Exh. 1 ("CBA") ¶ 22; *id.* at 2; *id.*, Exh. 8 ("Huang Decl.") ¶ 5). By way of paragraph 24(c) of the CBA, each Fund's respective Agreements and Declarations of Trusts ("the Trusts") was adopted by the Defendant, meaning that the Defendant agreed to be bound by the Trusts as if they were "incorporated into the CBA at length." (Huang Decl. ¶ 5; CBA ¶ 24(c)). Each Trust sets forth the interest rates for delinquent contributions, in addition to the method to calculate liquidated damages. (Pl. Mem., Exh. 11 ¶ 9.6(b)–(c), Exh. 12 ¶ 9.4(f)(7)– (8), Exh. 13 at 4).

Plaintiffs allege that the Defendant breached its duty under the CBA by failing to remit the required contributions found to be due by two separate in-person audits. (Compl. ¶ 17; Pl. Mem. at 6; Huang Decl. ¶ 10–11). The first audit, dated January 25, 2017, examined Defendant's books and records for January 1, 2014, through December 31, 2015. (Pl. Mem., Exh. 14; Huang Decl. ¶ 10). As evidence of this audit, Plaintiffs submit a one-page audit summary detailing delinquent contributions broken down into three schedule periods per year, totaling $14,540.61 for all Funds. (*Id.*). The second audit, dated November 15, 2017, also exhibited in summary form divided into schedules per year, reveals that Defendant failed to remit $7,929.54 from January 1, 2016, to March 31, 2017, (Compl. ¶ 18; Pl. Mem., Exh. 16; Huang Decl. ¶ 11), for a total of $22,470.15 in delinquent contributions due and owing to the Funds between January 2014 and March 2017. (Pl. Exhs. 14, 16).

In January 2017, Defendant sent the Nurses Fund a check for $348.27 in contributions for work performed between October and December of 2016. (Compl. ¶ 22; Huang Decl. ¶ 12). However, this check bounced and the Fund incurred a $35 bounced check fee from the bank. (Pl. Mem., Exh. 18; Huang Decl. ¶ 12). Plaintiffs seek to recover the principal amount of the delinquent contributions plus the bounced check fee. (Compl. ¶ 22; Huang Decl. ¶ 13; Pl. Mem. at 7).

Pursuant to the terms of the Trusts, Plaintiffs also seek to recover $14,007.32 in accrued interest and $14,194.67 in liquidated damages. (Compl. ¶ 2; Pl. Mem. at 5). Additionally, pursuant to Section 502 of ERISA, the Funds seek to recover reasonable attorneys' fees and costs incurred in this action. (Pl. Mem.at 6; *id.*, Exh. 2 ("Shah Decl.") ¶¶ 18–24).

Defendant was properly served (*see* Dkt. No. 6) but failed to answer or otherwise respond to the Complaint, which led Plaintiffs to request an entry of default on November 29, 2018. (Dkt. No. 7–8). The

---

[1] In deciding a motion for default judgment, the Court accepts all well-pleaded factual allegations as true, except for those relating to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citation omitted).

[2] While the Complaint states that remittance was due on or before the fifteenth of each month, (Compl. ¶ 10), the CBA, Plaintiffs' Memorandum of Law in Support of their Motion and the Funds' administrator's Declaration all state that the due date was the tenth of each month. Accordingly, I find that the reference to the fifteenth of each month in the Complaint was in error.

Clerk of the Court entered a notation of default on November 30, 2018, (Dkt. No. 9), and Plaintiffs moved for default judgment on January 8, 2019. (Pl. Mem.)

## ANALYSIS

### I.    Standard of Review

Rule 55 of the Federal Rules of Civil Procedure sets out "a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). When a defendant "fail[s] to plead or otherwise defend" an action, Fed. R. Civ. P. 55(a), a plaintiff must first request an entry of default by the Clerk of the Court. *See Priestly*, 647 F.3d at 505. Once default has been entered, a plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Upon a plaintiff's completion of these two steps, the Court draws all reasonable inferences from the well-pleaded facts in plaintiff's favor to determine whether a valid cause of action has been established. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citation omitted). Here, Plaintiffs seek a determination that Defendant is liable for violating Section 515 of ERISA.

### II.    ERISA Liability

Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan . . . shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29. U.S.C. § 1145. If an employer does not meet its obligations, Section 502 of ERISA allows a litigant to bring a civil action to enforce the plan or obtain relief. *See* 29 U.S.C. §§ 1132(a)(3)(B)(ii), 1132(d)(1).

Plaintiffs allege that Defendant failed to make contributions under the applicable CBA's terms. (Compl ¶¶ 14, 21; Huang Decl.

¶¶ 9–11; Pl. Mem. Exhs. 14, 16). Plaintiffs are jointly-administered, multi-employer, labor-management trust funds within the meaning of ERISA, and Defendant is an employer within the meaning of ERISA. (Compl. ¶¶ 6, 8; Huang Decl. ¶ 3). Having carefully reviewed the record, I find that Plaintiffs provide a sufficient factual and evidentiary basis, comprised of the governing CBA and incorporated documents and the Funds' administrator's Declaration, to establish Defendant's liability under Section 515 of ERISA. (*see generally* CBA; Pl. Mem., Exhs. 11–13; Huang Decl.).

### III.    Damages

A plaintiff who has established liability under Section 515 of ERISA is entitled to an award of "(A) unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of—(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan . . . (D) reasonable attorney's fees and costs, and (E) such other legal and equitable relief as the Court may deem appropriate." 29 U.S.C. § 1132(g)(2). Here, Plaintiffs seek to recover delinquent contributions, accrued interest, and liquidated damages. (Compl. ¶ 2; Pl. Mem. at 8).

#### 1.    Delinquent Contributions

Plaintiffs request $22,505.15 in unpaid contributions based on an audit summary and a declaration by the Funds' administrator. (Pl. Mem., Exhs. 14, 16; Huang Decl. ¶¶ 11–13). Although "[c]ourts, have found it appropriate to rely on an audit or an auditor's opinion to prove that defendant employers did not make required contributions to funds," *Grabois v. Action Acoustics, Inc.* 1995 WL 662127, at *5 n.3 (S.D.N.Y. Nov. 9, 1995) (citing cases), this is true only when the audit report contains "sufficient information to enable the Court to

determine the amount of delinquent contributions." *Hanley v. Orient Beach Club, Inc.*, 1998 WL 65990, at *5 (S.D.N.Y. Feb. 18, 1998). Plaintiffs' submissions do not meet this standard. *See Trs. of the Local 7 Tile Indus. Welfare Fund v. EAQ Const. Corp.*, No. 14-CV-4097 (SJ) (CLP), 2015 WL 5793597, at *7 (E.D.N.Y. Aug. 24, 2015), *R & R adopted* (Sept. 30, 2015) (declining to award requested delinquent contributions where plaintiffs did not provide the Court with "sufficient information to accurately parse out" the amount of delinquent contributions).

Ms. Huang submits a declaration stating that an audit was conducted by examining the Company's books and records, but she did not conduct the audit herself, nor does she explain how the auditor arrived at the figures. Moreover, the papers that represent the "audit" are one-page summaries of calculations that neither specify which Funds are included nor demonstrate the steps the auditor took in calculating totals. As a result, the Court cannot verify that Defendant actually owes $22,505.15 to these three Funds. *Cf. Gesualdi v. Fortunata Carting Inc.*, 5 F. Supp. 3d 262, 273 (E.D.N.Y. 2014) (awarding requested unpaid contribution amount where plaintiff submitted audit reports, worksheets, declarations of auditor explaining basis for results that could be verified by the Court); *Trustees of Laborers Union Local No. 1298 of Nassau & Suffolk Ctys. Benefit Funds v. Sitework Mgmt., Inc.*, No. 14-CV-3052 (ADS) (AKT), 206 F. Supp. 3d 790, 796 (E.D.N.Y. 2016) (modifying R & R denying delinquent contributions based solely on audit report where plaintiffs submitted a 14-page audit report complete with worksheets

detailing calculations of unpaid contributions). *Trs. of Local 7 Tile Indus. Welfare Fund v. Caesar Max Tile Corp.*, No. 13-CV-924 (RRM) (VMS), 2014 WL 991723, at *4 (E.D.N.Y. Feb. 12, 2014) (relying on audit report that included supporting data to substantiate summary page), *R & R adopted* (Mar. 13, 2014); *Trs. of Metal Polishers Local 8A-28A Funds v. Prestige Restoration and Maint., LLC*, 986 F.Supp.2d 159, 167 (E.D.N.Y. Nov. 26, 2013) (relying on audit report itemized by year where auditor that personally conducted audit submitted affidavit explaining calculations); *Ferrara v. Oakfield Leasing Inc.*, 904 F. Supp. 2d 249, 257 (E.D.N.Y. 2012) (permitting a declaration by Funds' member and attorney of record to support delinquent contributions where defendant refused to submit to audit and trust agreement provided formula to estimate calculation of funds, which the court could verify); *Fuchs v. Tara General Contracting, Inc.*, No. 06-CV-1282 (ETB), 2009 WL 2922840, at *7 (E.D.N.Y. Sept. 8, 2009) (awarding unpaid contributions where testimony of auditor accompanied audit report and explained how amounts were calculated).

Therefore, I respectfully recommend that Plaintiffs' request for delinquent contribution damages be denied, without prejudice to renew upon a sufficient evidentiary basis, such as that described herein.[3]

2. Interest

ERISA provides that a plaintiff may recover interest on unpaid contributions at a rate determined by the CBA or, if no rate is provided, at the statutory rate. 29 U.S.C. § 1132(g). Pursuant to the Insurance Fund's

---

[3] Plaintiffs have submitted adequate evidence to recover $35 for the bounced check fee incurred by the Nurses Fund on February 21, 2017. (Pl. Mem., Exh. 18). This amount, however, is not a part of the delinquent contributions subject to interest and

liquidated damages under the CBA. Thus, an additional $35 should be added on to Plaintiff's total damages amount after interest and liquidated damages have been calculated.

Trust and the Savings Fund's Trust, employers that failed to pay the required contributions were to be charged interest at a rate of one-and-a-half percent on the delinquent contributions per month, "calculated from the date such contributions were due until the date of payment . . ." (Pl. Mem., Exh. 12 ¶ 9.4(e)(7); *id.*, Exh. 11 ¶ 9.4(d)(5)). The Nurses Fund's Trust sets forth a different rate of interest: one that is equal to "the prime rate reported in the Wall Street Journal on the date(s) as of which the contributions or liability was due and accruing from the due date." (*Id.*, Exh. 13 at 36). All Funds' amounts of interest due are dependent on the amount of unpaid contributions due and owing to the Funds.

Plaintiffs contend that Defendant owes $14,007.32 in interest to the Funds. (Pl. Mem. at 7). Aside from the fact that this number is dependent on an accurate accounting of delinquent contributions, discussed *supra*, the audit summary sheets are insufficient because they do not detail contributions owed by month, which is necessary to verify the interest calculation. The current submissions, along with the lack of any explanation detailing the calculation of interest, prevents the Court from verifying Plaintiffs' requested figure. *See Sitework Mgmt., Inc.*, 206 F. Supp. 3d at 797–98 (denying interest award where plaintiff failed to establish it accurately performed interest calculation and court could not verify amount). Thus, I respectfully recommend that Plaintiffs' request for interest be denied without prejudice to renew upon adequate submissions.

### 3.  Liquidated Damages

Plaintiffs' request for $14,194.67 in liquidated damages is plagued by issues similar to those affecting Plaintiff's interest request. (Pl. Mem. at 7). The Insurance Fund's Trust states that liquidated damages should be awarded in an amount equal to the greater of "(1) the interest on the unpaid contributions; or (2) twenty percent of the unpaid contributions." (Pl. Mem., Exh. 11 ¶ 9.6(c)). The Savings Fund's liquidated damages should be "an amount equal to one and a half percent (1.5%) per month on the delinquent Contributions, calculated from the date such Contributions were due until the date of payment." (*Id.*, Exh. 12 ¶ 9.4(e)(8)). The Nurses Fund's liquidated damages equal the amount of twenty percent of the unpaid contribution. (*Id.*, Exh. 13 at 36). Each Fund's formula requires an accurate determination of delinquent contributions outstanding. Furthermore, calculating liquidated damages requires delinquent contributions to be detailed *by month*, which the audit summaries do not do. (*See* Pl. Mem. Exh. 14–17). Accordingly, Plaintiff's request for liquidated damages is denied without prejudice to renew upon a sufficient evidentiary basis.

### 4.  Attorneys' Fees and Costs

Section 502 of ERISA allows Plaintiffs to collect "reasonable attorneys' fees and costs of the action." 29 U.S.C. § 1132(g)(2)(D). Plaintiffs were represented by counsel from Proskauer Rose LLP. Neil Shah, an associate of the firm, submitted contemporaneous billing records and a declaration in support of recovering attorneys' fees and costs. (Pl. Mem. Exh. 7; Shah Decl.) However, in light of my recommendation that Plaintiffs' request for damages be denied without prejudice and that Plaintiffs be afforded the opportunity to submit additional supporting evidence, I recommend that Plaintiffs' request for attorneys' fees and costs be denied with an opportunity to renew the request following any supplemental filings related to damages.

### **CONCLUSION**

For the foregoing reasons, I respectfully recommend that Plaintiffs'

motion for default judgment be granted, that damages be denied without prejudice to renew, and that Plaintiffs be afforded the opportunity to provide additional evidence to substantiate their requests. Plaintiff is hereby directed to serve copies of this Report and Recommendation upon the Defendants by regular and certified mail by August 9, 2019, and file proof of service on CM/ECF promptly thereafter. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric Vitaliano within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.


*Ramon E. Reyes, Jr.*

RAMON E. REYES, JR.

United States Magistrate Judge

Dated: August 7, 2019

Brooklyn, NY