# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

—————————————

№ 18-CV-737 (ENV) (RER)

—————————————

TRUSTEES OF THE LOCAL 813 INSURANCE TRUST FUND, TRUSTEES OF THE LOCAL 813 SAVINGS AND THRIFT TRUST FUND, AND TRUSTEES OF THE NURSES AND LOCAL 813 IBT RETIREMENT PLAN,

Plaintiffs,

VERSUS

ALL COUNTY FUNERAL SERVICE, INC.,

Defendant.

—————————————

**REPORT & RECOMMENDATION**

**December 19, 2019**

—————————————

**TO THE HONORABLE ERIC N. VITALIANO**
**SENIOR UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

      On August 7, 2019, I recommended that Your Honor find All County Funeral Service, Inc. (the "Defendant") liable for violations of § 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. § 1145, and grant default judgment in favor of the Trustees of the Local 813 Insurance Fund, Trustees of the Local 813 Savings and Thrift Trust Fund, and Trustees of the Nurses and Local 813 IBT Retirement Plan (collectively, the "Plaintiffs" or "Trustees"). (Dkt. No. 12 ("R. & R.")). I recommended denying Plaintiffs' request for damages, interest, costs and attorneys' fees pursuant to Defendants' default, without prejudice to renew, because Plaintiffs submitted insufficient evidence to establish the awards they requested. (*Id.*). Your Honor adopted the Report and Recommendation in its entirety, granting the motion for default judgment, "but only as to the propriety of entering judgment on default." (Dkt. No. 14). I subsequently directed Plaintiffs' counsel to provide supplemental documentation to support the monetary damages and attorneys' fees and costs they sought within 14 days. (ECF Order dated 10/24/2019). Plaintiff complied with this request and filed additional information on November 12, 2019. (Dkt. No. 15). Your Honor referred the issue of damages to me on November 22, 2019, and for the reasons stated herein, I respectfully recommend that the Court award Plaintiffs:

1

(1) $21,069.15 in delinquent contributions; (2) $17,074.72 in accrued interest; (3) $17,317.77 in liquidated damages; (4) $35 in bounced check fees; (5) $8,056.25 in attorneys' fees; and (6) $400.00 in costs.

## DISCUSSION

The facts of this case may be found in the Report and Recommendation submitted to Your Honor on August 7, 2019. (R. & R. at 2–3). In relevant part, Plaintiffs seek monetary relief for Defendants' violations of § 515 of ERISA. (Dkt. No. 1 ("Compl.") ¶¶ 2, 22; Dkt. No. 11-1 ("Pl. Mem.") at 5–7; Dkt. No. 11-2 ("Shah Decl.") ¶¶ 18–24; Dkt. No. 11-8 ("Huang Decl.") ¶ 13). A plaintiff who has established liability under § 515 of ERISA is entitled to an award of "(A) unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of—(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan . . . (D) reasonable attorneys' fees and costs, and (E) such other legal and equitable relief as the Court may deem appropriate." 29 U.S.C. § 1132(g)(2).

Although I previously found Plaintiffs to have established Defendant's violations of § 515 of ERISA, its submissions were inadequate to support the relief sought by Plaintiffs. (*See* R. & R. at 3–5). At the request of the Court Plaintiff submitted a Renewed Motion for Default Judgment as to Damages (Dkt. Nos. 15, 15-1) supported by additional exhibits including: (i) a supplemental declaration by counsel Neil V. Shah ("Mr. Shah") regarding attorneys' fees and costs (Dkt. No. 15-2 ("Shah Supp. Decl."), 15-3); and (ii) a declaration by the Fund Auditor Dominick J. Giglio (Dkt. No. 15-4 ("Giglio Decl.")) accompanied by invoices, statements, and reports that Giglio relied upon for his calculations. (Dkt. Nos. 15-10–15-18).

Having carefully reviewed these submissions I respectfully recommend, for the reasons stated below, that Plaintiffs' request for monetary damages[1] be granted, and the request for attorneys' fees and costs be reduced.

### 1. Monetary Damages

The Court first notes that Plaintiffs request $1,436.00 less in delinquent contributions on their second attempt to establish damages than they had requested in their original submission. (*Compare* Pl. Mem. at 5 *with* Dkt. No. 15-1 at 6). Plaintiffs' original request was based upon a declaration by the Funds Administrator, Sharon Huang ("Huang"), who did not conduct the audit or explain how the auditor arrived at the alleged $22,505.15 owed in delinquent contributions. (R. & R. at 4). I deemed Huang's Declaration insufficient, and I provided Plaintiffs with numerous examples of the types of records this Court has relied upon to award delinquent contributions in other cases. (*Id.*). Plaintiffs adhered to these suggestions and submitted a declaration by the person who personally completed the audit, Dominick J. Giglio. (*See* Giglio Decl.). The discrepancy of $1,436.00 between Huang's and Giglio's Declaration reiterates why the Court requires plaintiffs to submit verifiable, detailed records. Counsel has an obligation to verify calculations and compile supporting records *prior* to seeking relief. Counsel is on notice that this Court will recommend that future requests for unverifiable damages be denied.

---

[1] "Monetary damages" as used within this Report and Recommendation encompasses delinquent contributions, interest, liquidated damages, and a bounced check fee.

Having reviewed Plaintiffs' Renewed Motion for Default Judgment submissions, this Court finds that the record now provides an adequate and verifiable evidentiary basis upon which delinquent contributions, interest, liquidated damages, and a bounced check fee[2] in the amounts requested by Plaintiffs may be awarded. Thus, I respectfully recommend that Plaintiffs be granted the following monetary damages: (i) $21,069.15 in delinquent contributions; (ii) $17,074.72 in accrued interest on delinquent contributions; (iii) $17,317.77 in liquidated damages; and (iv) $35.00 in bounced check fees.

2.  Attorneys' Fees

In evaluating a litigant's application for reasonable attorneys' fees, this District utilizes "the lodestar method," which "create[s] a 'presumptively reasonable fee'" based upon "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166–67 (2d Cir. 2011) (*quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008)). The party moving for an award bears the burden of demonstrating the "reasonableness and necessity of hours spent and rates charged." *Finkel v. Omega Comm'n Servs., Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)). Contemporaneous time records that include "the date, the hours expended, and the nature of the work done" for each attorney must accompany the party's request. *Carey*, 711 F.2d at 1148.

The Court previously denied Plaintiffs' request for attorneys' fees and costs with an opportunity to renew the request following supplemental filings related to damages. (R. & R. at 5). The Court then issued an Order directing Plaintiffs to "submit any and all evidence to substantiate their request for . . . attorneys' fees and costs" after the Report and Recommendation was adopted. (ECF Order dated 10/24/2019). In support of their renewed motion, Plaintiffs submit a Supplemental Declaration by Mr. Shah, Plaintiffs' attorney. (Shah Supp. Decl.). This Declaration includes a description of hours spent on the case and a description of attorney Anastasia S. Gellman's ("Ms. Gellman") experience—items that were absent from Plaintiffs' initial fee application.

Plaintiffs seek $19,825.00 in attorneys' fees. (*See* Shah Decl. ¶ 23; Shah Supp. Decl. ¶ 14). This amount is comprised of 68.25 hours of work multiplied by a blended rate of $300.00 for attorneys and $100.00 per hour for paralegals and litigation support staff. (*See* Shah Decl. ¶¶ 21–22; Shah Supp. Decl. ¶¶ 11–12).

a.  Reasonable Hourly Rates

There are multiple reasons Plaintiffs' attorneys' fees award should not be granted as requested in this case. However, most unsettling to the Court is Mr. Shah's apparent disregard for the warning issued to him by this Court on August 2, 2019, regarding his use of "blended rates." *Trs. of the Leather Goods, Handbags, and Novelty Workers' Union Local 1 Joint Retirement Fund v. Central Fur Storage Co.*, 18-CV-7224 (AMD) (RER), 2019 WL 3937132 (E.D.N.Y. Aug. 2,

---

[2] Plaintiffs' submitted sufficient documentary evidence to establish the bounced check fee in their original Motion for Default Judgment. (*See* R. & R. at 4 n.3).

2019), *R & R adopted*, 2019 WL 3936676 (Aug. 20, 2019). In *Central Fur* I stated, in no uncertain terms, that I would "not accept fee applications relying on blended rates unless the applications explicitly state how those rates are reached." 2019 WL 3937132, at *11. Here, counsel had the opportunity to adequately support his blended rate to comply with *Central Fur*, but he did not.[3] Despite adequate notice and a second chance, Mr. Shah's Supplemental Declaration, which forms the basis of the application, continues to use an unexplained blended rate.[4]

Plaintiffs submit the credentials of only two out of five attorneys in their application for a fees award. Without attorney credentials the Court is prohibited from determining fees according to the lodestar method because it cannot evaluate what a reasonable client in the community would be willing to pay for comparable skill and experience. *Cruz v. Local Union No. 3 of IBEW*, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "[A] party moving for attorneys' fees must provide the credentials—law school matriculation, practice area, and years of experience in the relevant practice area—to substantiate the requested hourly rate for each individual." *Desly Int'l Corp. v. Spartak*, No. 13-CV-2303 (ENV) (LB), 2018 WL 4522081, at *8 n.11 (E.D.N.Y. Aug. 1, 2018), *R & R adopted in part* 2018 WL 7054830 (Nov. 11, 2018). Without this information, "the court may reduce the award of attorney's fees accordingly." *Fuchs v. Tara General Contracting, Inc.*, No. 06-CV-1282 (ETB), 2009 WL 3756655, at *2 (E.D.N.Y. Nov. 3, 2009) (citations omitted); *see also Div. 1181 Amalgamated Transit Union—N.Y. Emps. Pension Fund v. D & A Bus Co., Inc.*, 270 F. Supp. 3d 593, 621–22 (E.D.N.Y. 2017) (reducing hourly rate for attorneys due to "perfunctory nature of the attorney descriptions").

Ms. Gellman, who billed over 50% of the hours requested, has been practicing law since 2010 and worked on ERISA matters for about one year. (*Id.* ¶ 10). Mr. Shah has practiced law since 2010 and worked on ERISA matters for four years. (*Id.* ¶ 9). Given Mr. Shah and Ms. Gellman's experience, I presume they are senior associates. The other attorneys involved in this case are (or were) members of the firm's ERISA litigation group. (*Id.* ¶ 10). No additional description is given for attorneys Anthony Cacace ("Mr. Cacace"), Steven A. Sutro ("Mr. Sutro"), or Christian D. Rutherford ("Mr. Rutherford"). The firm's website lists Mr. Cacace as a partner[5], but Messrs. Sutro and Rutherford are not found on the website. Without information as to these attorneys' credentials[6], I recommend that Messrs. Sutro and Rutherford be considered junior

---

[3] Counsel was aware of the opportunity to substantiate his request for attorneys' fees because additional information was added to other parts of his fees application. Moreover, the *Central Fur* decision was issued in August 2019, and Plaintiffs had until November 15, 2019, to supplement their application in this action. Three months is sufficient time for Mr. Shah to submit an explanation, one that should already exist, for how he arrived at a $300 blended rate for the five attorneys that worked on this case.

[4] Mr. Shah states the following: "For purposes of this application, the Trustees seek an award at the blended rate of $300.00 per hour for the work performed by attorneys. . . The firm bills the Funds at a blended rate for all attorney work that is well in excess of the rates requested in this application, which means the requested rates represent a significant discount from the fees actually charged to the Funds for such work." (Shah. Supp. Decl. ¶ 11). This is the exact language found insufficient in *Central Fur*, 2019 WL 3937132.

[5] https://www.proskauer.com/professionals/anthony-cacace

[6] This is neither the first nor second time Mr. Shah has failed to provide this necessary information. In both *Central Fur* and *Trs. of Local 813 Ins. Trust Fund v. Pers. Touch Funeral Serv., Inc.*, the Court reduced attorneys' billing rates because Mr. Shah's declarations did not include the experience levels of each attorney. 2019 WL 3937132, at *11 n.10; No. 18-CV-6535 (NG) (VMS), 2019 WL 2295775, at *3 (E.D.N.Y. May 30, 2019). This inattention to the Court's opinion does not go unnoticed.

associates and be awarded the prevailing rate of $200 per hour. *See, e.g., Trs. of Local 7 Tile Industry Welfare Fund v. Gibraltar Contracting, Inc.*, No. 18-CV-3042 (RRM) (RER), 2018 WL 9709461, at *3 (E.D.N.Y. Dec. 20, 2018) (collecting cases), *R & R adopted* 2019 WL 4736989 (Sep. 26, 2019); *see also Central Fur*, 2019 WL 3937132, at *12. I recommend that Mr. Cacace be awarded a rate of $300 per hour. *Trs. of Northeast Carpenters Health Pension, Annuity, Apprenticeship, and Labor Mgmt. Corp. Funds v. Drywall & Acoustics of Northeast, Inc.*, 2019 WL 5963689, at *4 (E.D.N.Y. Nov. 12, 2019) (finding $300 per hour for partners reasonable in ERISA case).

Finally, the $100 rate requested for paralegals and litigation support has been found to be a reasonable hourly rate in comparable ERISA matters in this District. *See Central Fur*, 2019 WL 3937132, at *12 (collecting cases); *Incredible Foods Group, LLC v. Unifoods, S.A. De C.V.*, No. 14-CV-5207 (KAM) (JO), 2016 WL 4179943, at *3 (E.D.N.Y. Aug. 5, 2016) (collecting cases). Therefore, I recommend that this rate be applied to the reasonable hours expended by paralegals and litigation support on this matter.

b.  Reasonable Hours Expended

Having determined the appropriate hourly rate of compensation, the Court turns to assessing whether the total number of hours claimed is reasonable. Contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done" are a "prerequisite for attorney's fees in this Circuit." *Carey*, 711 F.2d at 1147–48. If a court's review of these time records reveals that the hours billed were "excessive, redundant or otherwise unnecessary, the court may make reductions to individual entries, or elect to account for such over-billing in an across-the-board percentage deduction." *Manzo v. Sovereign Motor Cars, Ltd.*, No. 08-CV-1229 (JG) (SMG), 2010 WL 1930237, at *8 (E.D.N.Y. May 11, 2010) (citing *Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir. 1997)); *see Sheet Metal Workers Nat. Pension Fund v. Evans*, No. 12-CV-3049 (JFB) (GRB), 2014 WL 2600095, at **10–11 (E.D.N.Y. June 11, 2014) (applying a 20% reduction for deficiencies in billing records; collecting cases). "Courts in this district also reduce fees where attorneys appear to have submitted careless or inaccurate work on behalf of their clients." *Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 129 (E.D.N.Y. Aug. 27, 2013).

Here, Plaintiffs submit billing records for 68.25 hours of work. (Dkt. No. 15-3 at 2–4). As an initial matter, this number of hours far exceeds the norm for the straightforward ERSIA default judgment claims that make up this action. *See, e.g., Gesualdi v. Seacost Petroleum Prods., Inc.*, 97 F. Supp. 3d 87, 107 (E.D.N.Y. Mar. 30, 2015) (finding that 39.55 hours to exceed norm in typical ERISA default actions and reducing amount to 23.73 hours; collecting cases); *Gesualdi v. Fortuna Carting, Inc.*, 5 F. Supp. 3d 262, 281 (E.D.N.Y. Mar. 19, 2014) ("Courts have found that 25 hours is a typical amount of time to spend on a straightforward ERISA default case."). I find no reason in the record or otherwise to justify the 40.25 hours Ms. Gellman, a senior attorney, spent on the routine and straightforward tasks involved in compiling this uncontested default action. (Dkt. No. 15-3 at 3–4). The lack of complexity here is highlighted by the fact that Plaintiffs' motion consists of approximately two pages, double-spaced, of factual background, two pages, double-spaced, of arguments for monetary damages, and an attorneys' fees and costs section that is largely copied and pasted from other applications submitted to this Court. (*See generally* Pl. Mem.). Moreover, the descriptions of work detailed on the billing records are vague and duplicative. For example, Ms. Gellman alone spent 13.75 hours "research[ing] and draft[ing]" the

5

motion for default judgment and 12.25 hours "revis[ing]" it, without any explanation as to why this largely formulaic motion took such an extensive amount of time. (Dkt. No. 15-3 at 3–4). The Court notes that despite the extensive time spent on this motion and its supporting papers, Plaintiffs submissions remained somewhat inadequate. (*See* ECF Order dated 10/24/2019).

"It is common practice in this Circuit to reduce a fee award by an across-the-board percentage where a precise hour-for-hour reduction would be unwieldy or potentially inaccurate." *Ass'n of Holocaust Victims for Restitution of Artwork and Masterpieces v. Bank Austria Ceditanstalt AG*, No. 04 Civ. 3600 (SWK), 2005 WL 3099592, at *7 (S.D.N.Y. Nov. 17, 2005). As such, I recommend a 50% across-the-board reduction in the hours sought in this matter. This results in 34.125 hours, which is still higher than the typical amount of time found reasonable in default ERISA actions. *See Fortunata Carting, Inc.*, 5 F. Supp. 3d at 281. The following chart details the adjusted hourly rates and hours sought that this Court recommends:

| | Original Hourly Rate | Adjusted Hourly Rate | Original Hours Sought | Hours After 50% Reduction | Adjusted Total Fee |
|---|---|---|---|---|---|
| Neil V. Shah (senior associate) | $300 | $250 | 14 | 7 | $1,750.00 |
| Anastasia S. Gellman (senior associate) | $300 | $250 | 40.25 | 20.125 | $5,031.25 |
| Steven A. Sutro (associate) | $300 | $200 | .5 | 0.25 | $50.00 |
| Anthony Cacace (partner) | $300 | $300 | .75 | 0.375 | $112.50 |
| Christian D. Rutherford (associate) | $300 | $200 | 9.5 | 4.75 | $950.00 |
| Paralegals and Litigation Support | $100 | $100 | 3.25 | 1.625 | $162.50 |
| **Adjusted Total** | | | | | **$8,056.25** |

### 3. Costs

Under § 515 of ERISA, the prevailing party in an action for delinquent contributions is entitled to also recover reasonable costs. 29 U.S.C. § 1132(g)(2)(D). "Costs relating to filing fees, process servers, postage, and photocopying are ordinarily recoverable." *Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008) (citing *Tips Exports, Inc. v. Music Mahal, Inc.*, No. 01-CV-5412 (SJF) (VVP), 2007 WL 952036, at *11 (E.D.N.Y. Mar. 27, 2007)). These costs are recoverable, however, only where the movant adequately documents the costs. *See Song v. 47 Old Country, Inc.*, No. 09-CV-5566 (LDW) (SIL), 2015 WL 10641286, at *7 (E.D.N.Y. Oct. 1, 2015) (recommending denial of costs where plaintiffs submitted spreadsheet without invoices or receipts to substantiate costs), *R & R adopted*, 2016 WL 1425811 (Mar. 31, 2016); *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-CV-3027 (JFB) (AKT), 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (finding party moving to recover costs "bears the burden of adequately documenting and itemizing the costs requested") (quotation marks and citations omitted).

Plaintiffs seek to recover $920.09 in costs, comprising of $400.00 in "Filing Fee," $237.20 in "Process Server Fee for Service at Business Address," $63.80 in "Proofreading" fees, $60.00 in "Process Server Fee for Service at Secretary of State," $51.35 in "Word Processing" fees, $46.59

in "UPS Delivery Services," $40.00 in "Statutory Fee for Service on Secretary of State," and $21.15 in "Copying & Printing." (Shah Supp. Decl. ¶ 15). These costs are merely line items in Mr. Shah's Declaration and lack any supporting documentation to allow verification of these amounts or their payment. The only category for which a court can take judicial notice is the $400 court filing fee. *See Tacuri v. Nithun Construction Co.*, No. 14-CV-2908 (CBA) (RER), 2015 WL 790060, at *14 (E.D.N.Y. Feb. 24, 2015). Thus, I respectfully recommend that Plaintiffs' be reimbursed only $400 for the filing fee. The remaining $520.09 requested in costs should be denied.

## **CONCLUSION**

For the foregoing reasons, I respectfully recommend that judgment be entered as follows: (1) $21,069.15 in delinquent contributions; (2) $17,074.72 in accrued interest; (3) $17,317.77 in liquidated damages; (4) $35 in bounced check fees; (5) $8,056.25 in attorneys' fees; and (6) $400.00 in costs.

Plaintiffs' counsel is hereby directed to serve copies of this Report and Recommendation upon the Defendants by regular and certified mail and to file proof of service on CM/ECF promptly thereafter. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric Vitaliano within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.


*Ramon E. Reyes, Jr.*

RAMON E. REYES, JR.

United States Magistrate Judge

Dated: December 19, 2019

Brooklyn, NY